UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PARKER, JR.,

        Plaintiff,

                                              Case No. 05-CV-72797

vs.                                       HON. GEORGE CARAM STEEH

MICHAEL COX, et al.,

        Defendants.

_____/

OPINION AND ORDER
GRANTING DEFENDANTS COX'S AND STATE OF MICHIGAN'S MOTION
TO DISMISS (#8) PLAINTIFF'S HABEAS CORPUS PETITION
BASED ON APPLICATION OF THE YOUNGER DOCTRINE,
DENYING PLAINTIFF'S SEPTEMBER 13, 2005 EMERGENCY MOTION
TO STAY CRIMINAL TRIAL, AND
ORDERING PLAINTIFF TO SHOW CAUSE BY SEPTEMBER 30, 2005
WHY HIS CIVIL CLAIMS FOR RELIEF SHOULD NOT LIKEWISE BE
DISMISSED PURSUANT TO THE YOUNGER DOCTRINE

Plaintiff Robert Parker, Jr., appearing pro per, filed a petition for habeas corpus relief

in this court on July 18, 2005[1] alleging he was scheduled for arraignment in Michigan's

Genesee Circuit Court that same day on a felony count of failure to pay child support in

violation of M.C.L. § 750.165.  Plaintiff alleges in his petition that his criminal prosecution

violates certain constitutional rights to due process and to be free of ex post facto laws.

Plaintiff also alleges that his criminal prosecution should be barred by operation of the

doctrines on res judicata and collateral estoppel in that he was vindicated in one of two

_____

[1]  Plaintiff also filed a civil complaint on July 15, 2005 alleging RICO violations, civil
rights claims, and tortious interference.

previous preliminary examinations on the same charges.  Plaintiff alleges this third prosecution evidences bad faith when further considering that the charges are barred by the applicable statute of limitations and considerations of equity.  Plaintiff further alleges that 1999 amendments to M.C.L. § 750.165 now create strict liability, and deprive plaintiff of a meaningful criminal defense.  Plaintiff alleges he was never served notice of an order of support or payments made, as required under M.C.L. § 750.165.  Plaintiff seeks a court order staying and enjoining the criminal proceedings until his federal challenges are heard in this court.

On August 24, 2005, defendants Michigan Attorney General Michael Cox and the State of Michigan filed a motion to dismiss plaintiff's petition for habeas relief.  On September 13, 2005, plaintiff filed an "EMERGENCY MOTION TO STAY JURY TRIAL," arguing Genesee County Circuit Judge Judith Fullerton denied his defense Counsel's motion in limine to dismiss the criminal charges, in part, on constitutional grounds, and has scheduled his criminal jury trial to begin on September 13, 2005 at 11:00 a.m..  Plaintiff argues he has been "deprived of any opportunity to present his constitutional defenses in the state court action," and is precluded from presenting a defense of his inability to pay child support on the trial court's determination that M.C.L. § 750.165 is a strict liability defense.  Plaintiff also argues that the statute of limitations has expired.  Plaintiff avers that this emergency motion constitutes his response to the defendants' motion to dismiss, and argues that the court should not abstain under the <u>Younger</u> doctrine because the prosecution is proceeding in bad faith, and M.C.L. § 750.165 is "flagrantly unconstitutional."

Oral argument would not significantly aid the decisional process.  Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral

argument.

As succinctly set forth by the Sixth Circuit in <u>Miskowski v. Peppler</u>, No. 01-2429, 36

Fed. Appx. 556 (6th Cir. June 24, 2002) (unpublished):

> The <u>Younger</u> abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings. <u>Younger [v. Harris]</u>, 401 U.S. [37, 37-38 (1971)]. <u>Younger</u> abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims. <u>See Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (extending the doctrine to encompass civil and administrative proceedings); <u>Kelm v. Hyatt</u>, 44 F.3d 415, 419 (6th Cir.1995); <u>Nilsson v. Ruppert, Bronson & Chicarelli Co.</u>, L.P.A., 888 F.2d 452, 454 (6th Cir.1989). Where a review of these considerations suggests that the state court should properly adjudicate the matter, a federal court should abstain and order the federal complaint dismissed. If, however, a plaintiff can demonstrate extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, then a federal court may decline to abstain. <u>Fieger v. Thomas</u>, 74 F.3d 740, 750 (6th Cir.1996).

<u>Id</u>. at *557. The exceptions of bad faith, harassment, and flagrant unconstitutionality have

been interpreted narrowly. <u>Id</u>. at 558 (citing <u>Zalman v. Armstrong</u>, 802 F.2d 199, 205 (6th

Cir.1986)). Indeed, the "bad faith" exception is exceedingly rare, "particularly where a

plaintiff seeking to defeat an abstention argument has failed to avail himself first of state

appellate processes before seeking relief in federal court." <u>Tindall v. Wayne County Friend</u>

<u>of the Court</u>, 269 F.3d 533, 539 (6th Cir. 2001). The Sixth Circuit in <u>Tindall</u> applied the well-

settled rule stated in <u>Sevier v. Turner</u>, 742 F.2d 262, 269-70 (6th Cir. 1984) - that "federal

courts, absent 'extraordinary circumstances' must abstain from granting declaratory or

injunctive relief [affecting a civil contempt hearing stemming from the non-payment of child

support] because doing so would involve unduly intrusive interference with, and monitoring

of, the day-to-day conduct of state hearings and trials" - in remanding for dismissal under

the Younger doctrine various federal claims challenging Michigan enforcement proceedings to collect delinquent child support payments.  Tindall, 269 F.3d at 535, 539-540.

Criminal state proceedings are currently pending against Parker, nonpayment of child support is a matter of important interest to Michigan, and Parker is afforded an opportunity to present his constitutional challenges to his prosecution and conviction, if convicted, by way of Michigan's appellate process. Miskowski, 36 Fed. Appx. at 557 (and cases cited therein); Tindall, 269 F.3d at 539.  Parker has failed to articulate beyond conclusionary assertions the existence of extraordinary circumstances warranting this court's declination of abstention. Id.; Sevier, 742 F.2d at 269-70.  Unlike the Fourth Circuit case of Gilliam v. Foster, 63 F.3d 287 (4th Cir. 1995) involving a strong showing by the petitioner that his right to be free from double jeopardy was being violated in a second criminal trial involving the death of the victim where the prosecution had successfully moved for a mistrial in the first trial without showing manifest necessity, plaintiff has made no such showing of a colorable "flagrant" violation of a constitutional right here. Accordingly,

Defendants Michigan Attorney General Cox's and State of Michigan's motion to dismiss plaintiff Parker's petition for habeas corpus relief is hereby GRANTED pursuant to the Younger doctrine.  Plaintiff's petition for habeas relief is hereby DISMISSED.  Plaintiff's emergency motion to stay his state criminal trial and prosecution is hereby DENIED. Pursuant to the analysis herein, plaintiff is hereby ORDERED to SHOW CAUSE, in a writing not exceeding ten pages filed with this court on or before September 30, 2005, why his federal civil claims for relief alleged in a separate July 15, 2005 complaint should not also be dismissed under the Younger abstention doctrine.  Failure to timely show cause as

4

ordered will result in dismissal of plaintiff's claims for relief as set forth in the July 15, 2005

complaint.

      SO ORDERED.


              s/George Caram Steeh_____
              GEORGE CARAM STEEH
              UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2005

                       CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 14, 2005, by electronic and/or ordinary mail.


              s/Josephine Chaffee_____
              Secretary/Deputy Clerk